UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Clifford E. Avery, Sr.,
        Petitioner

        v.                                    Civil No. 92-cv-262-SM
                                              Opinion No. 2008 DNH 041
Commissioner of the New Hampshire
Department of Corrections,
        Respondent

**O R D E R**

        Petitioner, Clifford E. Avery, has filed what he styles as a
"motion to set aside void order," in which he asks the court to
vacate its judgment, entered in 1993, denying his petition for
federal habeas corpus relief with respect to his 1973 state
murder conviction.  Avery v. N.H. Dep't of Corrections, Case No.
92-cv-262, slip op. (D.N.H. Sept. 29, 1993).  Avery emphasizes
that his motion "does not seek to vacate Plaintiff's state court
conviction but only this court's order dismissing his first
federal habeas corpus petition due to a fundamental defect in the
court's habeas proceedings integrity."  Accordingly, he points to
Fed. R. Civ. P. 60(b)(4) as authority for vacating the 1993
habeas judgment, and consciously does not invoke the provisions
of 28 U.S.C. § 2254.

On September 29, 1993, petitioner's first habeas petition was denied.  An opinion was issued explaining the court's analysis leading to that decision.  <u>Avery</u>, <u>supra</u>.  Judgment was entered on December 14, 1993.  That decision was affirmed on appeal.  <u>Avery v. Commissioner</u>, 32 F.3d 561 (1st Cir. 1994) (Table).

Subsequently, Avery filed another petition for habeas corpus relief in this court challenging that same conviction (apparently after filing an unsuccessful application for leave to file a second or successive petition in the United States Court of Appeals for the First Circuit).  <u>See</u> <u>Avery v. Wall</u>, No. 06-cv-448-SM, Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 or in the Alternative the All Writs Act 28 U.S.C. § 1651 (document no. 1).  In that petition Avery claimed, again, that his state murder conviction was void and his imprisonment unconstitutional because, among other things, his state murder case was brought under a statute which had been repealed.  Consequently, said Avery, his conviction was not valid under any applicable criminal statute.  That petition was necessarily dismissed, by order dated December 21, 2006, as a second or successive petition for federal habeas relief that the district court had not been authorized to consider.  <u>See</u> 28 U.S.C. §

2244(b)(3)(A).  Again petitioner sought appellate relief, and
again it was denied when the Court of Appeals entered judgment on
November 30, 2007, denying petitioner's request for a certificate
of appealability "[e]ssentially for the reasons given by the
district court in its order, dated December 21, 2006."  (The
Court of Appeals also denied petitioner's motion to recuse the
appellate judges from considering his request.)  <u>Avery v. Wall</u>,
No. 07-1405 (1st Cir. November 30, 2007).

        The current motion, ostensibly filed under Fed. R. Civ. P.
60(b)(4), by its terms again seeks to have this court's original
judgment denying habeas relief (in 1993) vacated.  And, once
again, petitioner asserts that the federal habeas judgment was
void for lack of jurisdiction <u>because</u> his underlying state court
conviction was void for various reasons, particularly that the
state indictment was based upon a criminal statute that had been
repealed at the time the indictment issued.  In other words,
petitioner is asserting that the 1993 federal habeas judgment
should be vacated because his state conviction is void and his
state imprisonment unconstitutional, thus this court was without
personal or subject matter jurisdiction over him or his habeas
petition in 1993.

Plainly, the motion under Rule 60(b)(4) is, in substance and reality, a not very well disguised effort to obtain federal habeas relief in the nature of a ruling that his state murder conviction and sentence are unconstitutional.  As the Court of Appeals for the First Circuit has made clear, a Rule 60(b) motion that principally challenges the constitutionality of a habeas petitioner's underlying conviction should be treated as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  <u>See</u> <u>Rodwell v. Pepe</u>, 324 F.3d 66, 70 (1st Cir. 2003) ("When the motion's factual predicate deals primarily with the constitutionality of the underlying . . . conviction or sentence, then the [Rule 60(b)] motion should be treated as a second or successive habeas petition.")  Here, the factual predicate urged by petitioner as grounds for vacating the 1993 habeas judgment is his claim that federal jurisdiction was lacking <u>because</u> his state conviction was void and his imprisonment unconstitutional.  The motion, then, principally challenges the constitutionality of his underlying conviction.

As the Rule 60(b) motion is properly treated as a second or successive habeas petition, this court is without jurisdiction to consider it, absent prior authorization by the United States

4

Court of Appeals for the First Circuit, which authorization has not been granted, and which petitioner has apparently not sought. See 28 U.S.C. § 2244(b)(3)(A); United States v. Barrett, 178 F.3d 34 (1st Cir. 1999).

Although the petition could be transferred to the United States Court of Appeals for the First Circuit for consideration as an application for leave to file a successive petition, see 28 U.S.C. § 1631, transfer is not mandated. Because petitioner has raised identical issues previously, and the Court of Appeals has either already resolved them or has declined to authorize consideration of a successive petition in which those issues were sought to be raised, this petition will be dismissed for lack of jurisdiction.

## Conclusion

The motion ostensibly filed under the provisions of Fed. R. Civ. P. 60(b) is a successive petition for federal habeas relief relative to petitioner's state murder conviction. That petition is necessarily dismissed for lack of jurisdiction to consider it,

authorization to do so not having been granted by the United
States Court of Appeals for the First Circuit.[1]


**SO ORDERED.**

_Steven J. McAuliffe_
Steven J. McAuliffe
Chief Judge

February 20, 2008

cc:  United States Attorney – NH
     Clifford E. Avery, Sr., pro se

---

[1]  Petitioner also filed a motion seeking recusal of all the
judges of this district from considering this matter, for various
reasons with respect to each judge (with the exception of Judge
Laplante, who is newly appointed).  That motion is denied without
prejudice to renewing it should the Court of Appeals authorize
the district court to consider his second or successive petition
(or determine that the motion for relief under Rule 60(b) is not
properly construed as a successive petition).

6